UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ABRAMS

UNITED STATES OF AMERICA

v.

ALEXANDER MCGRAIL REYNOLDS,

Defendant.

**INDICTMENT**

25 Cr.

25 CRIM 135

### COUNT ONE
**(Unlicensed Dealing of Firearms)**

The Grand Jury charges:

1. Between at least in or about September 2023 through at least in or about May 2024, in the Southern District of New York and elsewhere, ALEXANDER MCGRAIL REYNOLDS, the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, to wit, REYNOLDS manufactured handgun frames using a 3D printer, which were sold to customers located around the world via an e-commerce platform.

(Title 18, United States Code, Section 922(a)(1)(A).)

### COUNTS TWO THROUGH TEN
**(Interstate Distribution of Firearms)**

The Grand Jury further charges:

2. On or about the dates listed below, in the Southern District of New York and elsewhere, ALEXANDER MCGRAIL REYNOLDS, the defendant, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of

Chapter 44, Title 18, United States Code, willfully and knowingly transferred, sold, traded, gave, transported, and delivered firearms to another person who was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, knowing and having reasonable cause to believe that said person did not reside in the State in which REYNOLDS resided, to wit, on or about the dates described below, REYNOLDS resided in California and shipped the firearm frames described below from California to a customer REYNOLDS knew and had reason to believe was in the Bronx, New York.

| Count | Approximate Date | Description |
| --- | --- | --- |
| Two | November 17, 2023 | Two Glock-style handgun frames |
| Three | December 7, 2023 | Three Glock-style handgun frames |
| Four | December 18, 2023 | One Glock-style handgun frame |
| Five | January 9, 2024 | Four Glock-style handgun frames |
| Six | February 2, 2024 | Five Glock-style handgun frames |
| Seven | February 7, 2024 | Seven Glock-style handgun frames |
| Eight | February 26, 2024 | Four Glock-style handgun frames |
| Nine | March 12, 2024 | Four Glock-style handgun frames |
| Ten | April 3, 2024 | Five Glock-style handgun frames |

(Title 18, United States Code, Section 922(a)(5).)

**FORFEITURE ALLEGATION**

3. As a result of committing the offenses alleged in Count One through Ten of this Indictment, ALEXANDER MCGRAIL REYNOLDS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses.

**Substitute Assets Provision**

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
Foreperson

/s/ Matthew Podolsky
MATTHEW PODOLSKY
Acting United States Attorney

3